## JURISDICTION OF JUSTICES OF THE PEACE IN SUITS AGAINST RAILROAD COMPANIES.

[Circuit Court of Lucas County.]

Elwood B. Squire v. The Wheeling & Lake Erie Railroad Company.

Decided, July 3, 1903.

*Justice of the Peace—Jurisdiction of—Against Railroad Companies Under Section 6478—Against Freeholders in Attachment Proceedings Under Section 584—Interpleader—Appearance.*

1. While the jurisdiction of a justice of the peace is co-extensive with the county in an attachment proceeding against a householder or freeholder resident in the county, such jurisdiction does not extend to a railroad company unless its president resides in the township or its road passes into or through the township.

2. The filing of a motion by a defendant for an interpleader does not amount to the entering of an appearance.

Parker, J.; Hull, J., and Haynes, J., concur.

Squire brought an action against the Wheeling & Lake Erie Railroad Company upon a claim for wages of an employe, which he said had been assigned to him, before a justice of the peace of Washington township in this county. Under the provisions of Section 584 of the Revised Statutes, as amended April 19, 1898 (93

O. L., 146), he filed an affidavit that the claim was for labor, and caused a writ of attachment to issue against the defendant railroad company, and proceeded to judgment in that jurisdiction upon the theory that he might do so by virtue of said section, although said railroad company had no line of railroad passing through or entering into Washington township, and had no principal or other office there, and had no officer residing there.

In the case of *Kelly* v. *Flanagan,* 11 Ohio Circuit Decisions, 111, we held—because we felt obliged to so hold, and not because we wanted to by any means—that a natural person might be proceeded against in that way. After judgment against the railroad company, it filed before the justice a motion for an interpleader with the necessary affidavit, setting forth that another person, to-wit, the employe, claimed to be entitled to this money, but that was disregarded by the justice. It will be observed that it came a little late—after judgment—but on the same day.

Thereupon the railroad company filed its petition in error in the court of common pleas to reverse said judgment, on the ground that the justice had no jurisdiction over it, and in the petition in error, which was verified, set forth the facts that I have mentioned —that its line of railroad did not enter into Washington township; that it had no officer and no office there, and the judgment was reversed by the common pleas court.

Squire prosecutes error to this court, and asks that the judgment of the court of common pleas may be reversed and that of the justice affirmed.

Section 6478 of the Revised Statutes of Ohio provides where a railroad company may be sued before a justice of the peace and how it may be served with process; and the provision as to where suit may be instituted is that it may be brought before a justice of the peace in the township in which the president of the company may reside, or in any township into or through which the road owned or leased by said company may be located, whether such company be foreign or created under the laws of the state, and whether the charter thereof prescribes the place where suit must be brought against it, or the manner or place of service of process thereon; and that is the only place where a railroad company may be sued, unless it voluntarily submits to the exercise of jurisdiction

elsewhere, or unless Section 584 is applicable to a railroad company. But Section 584 provides:

"No householder or freeholder, resident of the county, shall be held to answer a summons issued against him by a justice in a civil matter in any township of such county other than the one where he resides, except as otherwise provided by Section five hundred and eighty-three, and in the cases following."

Among the cases in the fourth paragraph of this section is this:

"Where the summons is accompanied with an order to attach property the jurisdiction is co-extensive with the county."

Except in certain counties. Now, that transposed, would make it read so as to amount to this: That where the summons is accompanied with an order to attach property, the jurisdiction of the justice shall be co-extensive with the county against a householder or a freeholder, resident of the county. But it is quite apparent that a householder or a freeholder is a natural person, and that this does not apply to a railroad company, which is an artificial person. A railroad company certainly is not a householder nor a freeholder, and that is all that need to be said on this point.

It is urged that by the filing of the motion for an interpleader, the railroad company entered its appearance and can not now question the jurisdiction of the justice, but we are of the opinion that that was not the result of the filing of this paper. If it had been, any paper that might properly have been filed at that time before the justice in the case, if it had invoked any action that it would have been proper for the justice to take after judgment in the case, then we would hold otherwise; as, for instance, where a person within the statutory period gives notice of an appeal, or enters into bonds for the stay of execution, he can not thereafter question the jurisdiction of the magistrate. We think such action as was taken here after judgment does not amount to an appearance.

We are of opinion that the judgment of the court of common pleas was right, and it will be affirmed.

*William J. Gill,* for plaintiff in error.

*Doyle & Lewis,* for defendant in error.